[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION On APPLICATION FOR TEMPORARY INJUNCTION
FACTUAL BACKGROUND:
Shonna K. was born on July 1983. She was committed to the Department of Children and Families (DCF) at the age of nine, a legal status she maintained until her 18th birthday on July 2001. During this period she consistently received therapeutic treatment for an oppositional defiant disorder and benefited from this treatment. As she approached her 18th
birthday she sought of this Court a temporary injunction prohibiting DCF from "handing off" Shonna to the Department of Mental Health and Addiction Services (DMHAS) in order to preserve the services she was then receiving. Just prior to the hearing on the injunction a settlement was reached wherein no injunction would issue but Shonna would be transitioned to DMHAS for placement. Part of that agreement was that in CT Page 5029 the event DMHAS was unwilling or unable to provide a clinically appropriate program, then DCF would provide or arrange for a clinically appropriate program for her if she accepted and abided by DCF's requirements for voluntary services. At the time of this agreement, this Court had jurisdiction over the matter at least until her 18th
birthday. DCF never conceded that this Court would have jurisdiction beyond her eighteenth birthday.
On January 25, 2002, Shonna, now 18 years old, filed an application with this Court for a new temporary injunction requiring DCF to provide her with certain specific therapeutic support, alleging that DMHAS had terminated her placement and that Shonna was now an inmate at the York Correctional Institution in Niantic. DCF claims that this Court at this time lacks subject matter jurisdiction. At the time of the agreement above recited, no temporary injunction was issued. The Court did not preserve jurisdiction past Shonna's eighteenth birthday. While it did approve the agreement, that approval was unnecessary since the parties could have reached it on their own, and in fact did just that. While the Court preserved a record of the agreement, it did not thereby preserve jurisdiction over the agreement until its conclusion. This Court has civil jurisdiction only in "juvenile matters" involving uncared-for, neglected or dependent children and youth. CGS Sec. 46b-121 and under several other instances which are not applicable to this case. Thus in this matter jurisdiction ended when the youth reached the age of eighteen years. Since this Court does not have jurisdiction over the request of the petitioner, all other issues and arguments are moot.
The application for temporary injunction is denied for lack of subject matter jurisdiction.
 ___________________ MACK, J.